IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

```
------------------------------------
BRIAN SELAGE, on behalf of himself and  )   Civil No.
all other similarly situated persons    )
                                        )
                                        )
                                        )
                                        ) Civil Action
              Plaintiffs,               )
                                        )
              v.                        )   CLASS ACTION
                                        )   COMPLAINT
                                        )
                                        )
MERCER COUNTY, MERCER CORRECTIONS       )
CENTER Warden CHARLES ELLIS, in his     )
Individual Capacity; MERCER COUNTY      )
DEPARTMENT OF                           )
PUBLIC SAFETY Deputy Administrator      )
ASA PARIS, in him individual            )
Capacity; MERCER COUNTY DEPARTMENT OF   )
PUBLIC SAFETY Captain MICHAEL           )
KOWNACKI, in his individual Capacity;   )
MERCER COUNTY DEPARTMENT OF PUBLIC      )
SAFETY Chief of Internal Affairs        )
GARY BRITTON, in his individual         )
Capacity; UNKNOWN CORRECTIONS           )
EMPLOYEES 1 TO 5 in their individuals   )
Capacities, and JOHN DOES THIRD PARTY   )
CONTRACTORS 1 TO 20.                    )
                                        )
              Defendants.               )
------------------------------------
```

Plaintiffs, Brian Selage, on behalf of himself and all other similarly situated persons, by way of Complaint against the Defendants, say:

## INTRODUCTION

The United States Constitution affords certain dignities to all - irrespective of whether one has been charged or convicted of a crime. Yet Mercer County and its officials,

in an affront to the Constitution, have stripped inmates and pretrial detainees housed in the county jail complex of their rights by subjecting them to inhumane conditions that violate any basic sense of human decency. Inasmuch as this egregious conduct, as outlined below, should never be tolerated by a civilized society, Plaintiffs bring this civil action to remedy these wrongs.

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant 42 U.S.C. §1983. This Court has jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. §§1331 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper under 28 U.S.C. §1391 because the events giving rise to Plaintiffs' claims occurred and/or will occur in this District and the Defendants reside in this District.

**PARTIES**

3. Plaintiff, Brian Selage, is a former inmate who has been detained and/or housed in the Mercer County Correctional Center on and off from March 31, 2023 to September 6, 2023.

4. Defendant, Mercer County, is a political and geographical subdivision of the State of New Jersey, organized under state law. Defendant, Mercer County, oversees, controls and/or maintains responsibility for the Mercer County

2

2

Correctional Center.

5. Defendant, Charles Ellis, is the warden for Mercer Corrections Center. Through Mercer County's Correctional Division, Defendant, Warden Ellis, in his individual capacity staffs the Mercer County Correction Center with corrections officers who regularly oversee the conditions of confinement for inmates.

6. Defendant, Asa Paris, is the Deputy Administrator for Mercer County Department of Safety. Through Mercer County Department of Safety, Defendant, Deputy Administrator Paris, in her personal capacity staffs the Mercer County Correction Center with corrections officers who regularly oversee the conditions of confinement for inmates.

7. Defendant, Michael Kownacki, is the Captain for Mercer County Department of Safety. Through Mercer County Department of Safety, Defendant, Captain Kownacki, in his personal capacity staffs the Mercer County Correction Center with corrections officers who regularly oversee the conditions of confinement for inmates.

8. Defendant, Gary Britton, is the Chief of Internal Affairs for Mercer County Department of Safety. Through Mercer County Department of Safety, Defendant, Chief Britton, in his personal capacity staffs the Mercer County Correction Center with corrections officers who regularly oversee the conditions of confinement for inmates.

9. Defendants, Unknown Corrections employees 1 to 5, are corrections employees who, at all times relevant to this

Complaint, worked at the Mercer County Correctional Center, and whose identities are presently not known.

10. Defendants, John Does Third Party Contractors 1 to 20, are contractors who, at all times relevant to this Complaint, were hired to maintain and upkeep the safety at the Mercer County Correctional Center, and whose identities are presently not known.

## DEFINITION OF THE CLASSES

11. Brian Selage is the class representative for those inmates who were incarcerated and/or detained at the Mercer County Correction Center at any time since March 31, 2023, and those inmates who are now, or will become, detained and/or incarcerated at the Mercer County Correction Center during the pendency of this lawsuit.

## CLASS ALLEGATIONS

12. The three classes consist of populations that fluctuate in number and many include countless future detainees and/or inmates. As such, the class is so numerous that separate joinder of each individual member is impracticable within the meaning of Fed. R. Civ. P. 23(a)(1).

13. There are multiple questions of law and fact common to each class. Each class member either has or will be incarcerated at the Mercer County Correctional Center, and has been or will be subjected to substantially similar conditions of confinement. Each class member's claim

ultimately raises the same basis question - whether the challenged conditions of confinement violate the United States Constitution, New Jersey State Constitution and/or New Jersey law.

14. Plaintiffs' claims are typical of the claims of the class. All class members, including Plaintiffs, allege that the conditions of their confinement violate their constitutional rights. Plaintiffs' interests in resolving this lawsuit are consistent with the interests of all other class members, and There is no actual or potential conflict between the Plaintiffs and members of the class.

15. Class certification for injunctive relief is appropriate because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

16. Class certification for damages is also appropriate. Common questions of law and fact predominate over individual questions. For instance, all injuries sustained by any class member arise from the challenged conditions of his/him confinement.

17. Class certification is superior to other available methods for the fair and efficient adjudication of this controversy because There is a common nucleus of law and facts, and the amount of money at stake for each potential class member
5
may be too small to warrant prosecution of separate

actions. Even if any group of class members could itself afford individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. The class action device is preferable to individual litigation because it provides the benefit of unitary adjudication, economies of scale, and comprehensive adjudication by a single court.

## **FACTUAL ALLEGATIONS**

### OVERCROWDING, MOLD AND OTHER ABYSMAL CONDITIONS OF CONFINEMENT FOR MALE AND FEMALE INMATES

18. The Mercer County Correction Center holds male and female inmates, including both pretrial detainees and sentenced individuals.

19. The Mercer County Correctional Center was built in 1976 and originally designed to house approximately 871 inmates.

20. However, the Mercer County Correctional Center routinely houses well over 871 inmates.

21. The population comprises those who have been convicted and sentenced by the Municipal or Superior Courts, as well as those who are pretrial.

22. State-sentenced inmates are housed while awaiting transfer to State Prison; inmates with sentences up to 364 days or less serve their time at the Correction Center.

23. Mercer Correctional Center inmates are provided with medical, social services and mental health services, as well as educational opportunities during their

incarceration.

24. Selected Mercer Correctional Center inmates may be ordered by the court or assigned by the Correction Center, as a form of restitution, to participate in community service projects such as the Superintendent Labor Assistance Program known as SLAP.

25. Mercer Correctional Center inmates classified as minimum security may work on supervised details mowing grass, trash collection and painting at county operated facilities, including the Correction Center building and grounds.

26. Inmates, such as Brian Selage, are frequently assigned to a cell with people sleeping on the floor and triple bunk beds that were in outboards as high as 18 to 20 feet vertical. These cells are barely capable of holding two inmates and contain a bunk bed.

27. As a result, one inmate is forced to sleep on the floor on a mat that lacks any foam or cotton to support the body upon information and belief. The only place for this inmate to sleep is next to the toilet, which is often used throughout the night.

28. That inmate is forced to visually observe the other inmates using the toilet and inhale foul smells caused by urination, defecation and anal fecal odor. Due to his proximity to the toilet, the inmate will get splashed by toilet water when another inmate urinates upon information and belief.

29. In order to shower, inmates, such as Brian Selage, must stand in pools of water that fail to drain after other inmates take their showers.

30. There was a failure to maintain safety measures such as live electrical wires in and around the shower area.

31. On June 22, 2022, Brian Selage was electrocuted while in the bathroom and/or shower area.

32. The electrocution of Brian Selage caused personal injuries that required medical treatment and are permanent in nature.

33. Many of the cells that hold inmates are infested with insects such as ants, roaches and spiders.

34. Additionally, there is black mold and bacteria all over the ceilings, floors and windows of the cells that hold inmates, as well as their respective showers.

35. As a result of the mold, both male and female inmates have developed an array of medical issues, including respiratory problems, and become seriously ill.

36. Defendants are aware of the Mercer County Correctional Center's staff's misconduct, or have failed to adopt the policies, provide the training, and institute the supervision necessary to prevent such misconduct.

<u>FRUSTRATION OF THE GRIEVANCE PROCESS AND DELIBERATE INTERFERENCE WITH INMATES' ACCESS TO COURTS</u>

37. On May 21, 2024, Defendant Mercer County Correction Center was sent via email and regular mail a written request for the complete file of Plaintiff Brian Selage inmate#116262.

38. The written request contained a medical authorization for

Defendant Mercer County Correction Center to release all of the medical records of Plaintiff Brian Selage inmate #116262, who sustained injuries on June 22, 2022 when electrocuted in the shower and/or bathroom due to faulty wiring, among other things.

39. On May 21, 2024, Plaintiff Selage requested written confirmation that all administrative remedies concerning the personal injuries he sustained during the electrocution incident had been exhausted and any other issues Plaintiff attempted to grieve.

40. Defendant Mercer County Correction Center did not respond to the May 21, 2024 written request for information prior to the filing of this civil action.

41. While overcrowding does not require inmates to exhaust administrative remedies, Defendant's administrative remedies policies and procedures were non-existent regarding Plaintiff's personal injuries due to the electrocution.

42. Many inmates are unable to formally complain about the array of conditions at the Mercer County Correctional Center because corrections officer refuse to provide them with requests slip for grievance forms or refuse to accept such forms. This frustration of the inmate grievance process is so common that it reflects a clear pattern of behavior on

the part of the corrections officers.

9

43. Nearly every Plaintiff has experienced the frustration of the grievance process. The most common complaint is that when an inmate requests a grievance form, corrections offices refuse to honor or outright ignore the request.

44. Inmates are often - and incorrectly - told by corrections officers that their issues, particularly issues relating to their confinement, cannot be grieved.

45. In other instances, inmates observe their request slips for grievance forms being ripped up and discarded.

46. The consequence of not being able to file a grievance is that an inmate is unable to challenge the conditions of his/him confinement in court and thus restricted from accessing the courts.

47. Defendants are aware of this frustration of the grievance process, and either participate in it or are deliberately indifferent to it. Defendants have failed to adopt policies or provide training and supervision necessary to ensure that corrections officers are not perpetuating such unlawful behavior.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FOURTEENTH AMENDMENT
### ON BEHALF OF ALL PRETRIAL DETAINEES

48. Plaintiffs incorporate the allegations of the previous paragraphs as if set forth at length herein.

49. Defendants have subjected Plaintiffs, and all other similarly situated male and female pretrial detainees at

10

the Mercer County Correctional Center to conditions of confinement that violate the Due Process Clause of the Fourteenth Amendment.

50. Defendants are either themselves directly responsible for the unlawful conditions described herein or caused those unlawful conditions by failing to adopt necessary policies and training programs, and by failing to properly supervise corrections officers assigned to the Mercer County Correctional Center.

**COUNT II**
**VIOLATION OF THE EIGHTH AMENDMENT**
**ON BEHALF OF ALL CONVICTED INMATES**

51. Plaintiffs incorporate the allegations of the previous paragraphs as if set forth at length herein.

52. The Eighth Amendment to the United States Constitution requires that state actors take reasonable measures to guarantee the safety and well-being of inmates in their custody.

53. Defendants have subjected Plaintiffs, and all other similarly situated male and female convicted inmates at the Mercer County Correctional Center to conditions of confinement that violate the Eighth Amendment

54. Defendants are either themselves directly responsible for the unlawful conditions described herein, or caused those unlawful conditions by failing to adopt necessary policies and training programs, and by failing to properly supervise corrections officers assigned to the Mercer

County Correctional Center.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the classes they represent, seek relief and judgment against the Defendants, including but not limited to:

1. Certification of this lawsuit as a class action;

2. An award of compensatory and punitive damages against the Defendants, based on the intentional and malicious acts of said Defendants, which are allowed by the statutes pleaded herein or as permitted by common law and rules;

3. An award of damages as allowed under 42 U.S.C. §1983 and/or 42 U.S.C. §1988;

4. An award of reasonable attorney's fees and all costs of suit and interest thereon;

5. Order the convening or a three judge panel in accordance with 18 U.S.C. §3626(a)(3) to determine whether the Mercer County Correctional Center must be if it cannot be operated in such a way as to ensure constitutional conditions of confinement.

6. Award Plaintiff Brian Selage compensatory damages, pain, suffering and loss of enjoyment of life and future medical treatment for personal injuries sustained by the unconstitutional conditions in violation of the 14th amendment and 8th amendment of the United States
12
Constitution.

7. Any other award and equitable relief allowed under statute or pursuant to the law or equitable and just power of this Court to which Plaintiffs are entitled;

8. Injunctive relief as follows:
   a. Enjoin the Defendants, their officers, agents, employees and successors in office, along with those acting in concert with them, from engaging in the unlawful and unconstitutional practices described herein;
   b. To the extent that Mercer County is permitted to continue housing inmates in excess of its capacity order the Defendants to undertake all action necessary to correct the unlawful conditions of confinement described herein, including but not limited to, renovation, repair and the acquisition and/or installation of necessary devices and equipment;
   c. Any other prospective injunctive relief that the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs, individually and on behalf of the classes they represent, hereby demand trial by jury of all issues in this civil action.

## **DESIGNATION OF TRIAL COUNSEL**

Plaintiffs, individually and on behalf of the classes they represent, hereby designate Timothy J. McIlwain as trial counsel in this matter.

/s/ Timothy J. McIlwain,
TIMOTHY J. MCILWAIN
ATTORNEY ID #010471996

Dated: June 21, 2024


McILWAIN LAW FIRM
TIMOTHY J. McILWAIN, ESQ.
NJ Atty ID #010471996
2312 New Road – 1st Floor
Northfield, NJ 08225
Telephone: (609) 808-2883
Facsimile: (609) 450-7017
Email: attorneymcilwain@me.com

Attorneys for Plaintiffs